# UNITED STATES DISTRICT COURT
## THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN CASUALTY COMPANY OF READING PENNSYLVANIA; CONTINENTAL CASUALTY COMPANY, | Case No. C 06 0811 VRW |
| Plaintiffs, | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| THE SALESIAN SOCIETY, | Judge: Hon. Vaughn R. Walker |
| Defendant. | Action Filed: February 6, 2006 |

WHEREAS, discovery will involve the disclosure of confidential and/or proprietary business and financial information;

WHEREAS, the parties seek to preserve their confidentiality and/or proprietary interests in such information, without unduly encroaching on the public's right to be informed of judicial proceedings;

WHEREAS, the parties represent that the parties and counsel will act in good faith in designating records pursuant to the protections provided by this Order; and

WHEREAS, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Order limiting the disclosure of certain information produced or otherwise discovered.

IT IS HEREBY ORDERED that the following protective provisions shall govern any discovery conducted by the parties in this action:

1. In responding to discovery requests in this action, any party or non-party responding to the discovery requests (the "Responding Entity") may designate as CONFIDENTIAL any documents, information or other material that contains proprietary

information or other commercially sensitive material, the disclosure of which would tend to cause substantial harm to the responding party's legitimate business or privacy interests, or the privacy interests of the responding party's employees or customers; personal information and development, commercial or financial information not generally disclosed to the public; trade secrets of producing party or its customers; non-public information relating to competitors' internal strategy or proprietary planning processes; non-public information relating to customers; or any information in the producing parties possession where it has an independent obligation of confidentiality to a third party or person.

2.     For purposes of an initial document inspection, all documents within produced files and records shall be treated as CONFIDENTIAL pursuant to this Order.  Prior to receiving copies of documents, the Discovering Party shall treat all information learned from any inspection of the documents as CONFIDENTIAL pursuant to this Order.  Prior to physical production of copies of documents (whether or not that production was preceded by an initial inspection), the Responding Entity shall conspicuously mark the copies of documents which contain confidential information as "CONFIDENTIAL."  All court filings which disclose information designated as CONFIDENTIAL shall also be marked in this manner, and the filing party shall seek leave of court to submit the filing under seal.

3.     The designation of any document or information as CONFIDENTIAL pursuant to the terms of this Order shall constitute the verification of counsel for the producing party that the documents have been reviewed for compliance with the criteria of this Order and that the designation CONFIDENTIAL is, in the good faith judgment of counsel, consistent with the terms of this Order.

4.       Material designated as CONFIDENTIAL may be used by persons other than the Responding Entity only for the purpose of preparing for conducting, or pursuing discovery, including third party discovery and for pretrial, trial and appellate proceedings in this action, and for otherwise prosecuting or defending, or assisting in the prosecution or defense of this action. Material designated as CONFIDENTIAL may be used for no other purpose. Counsel for each party shall take all reasonable precautions necessary to prevent the unauthorized or inadvertent disclosure of any CONFIDENTIAL information. If CONFIDENTIAL information submitted in accordance with the terms of this Order is disclosed to any person other than in the manner authorized by this Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the other parties and, without prejudice to other rights and remedies of the other parties, must make every effort to prevent further disclosure by the person who received the information that is CONFIDENTIAL.

5.       A party shall not be obligated to challenge the propriety of designation of information as CONFIDENTIAL at the time it is made, and failure to do so shall not preclude subsequent challenge thereto. At any state of these proceedings or thereafter any party may challenge a designation of certain materials as CONFIDENTIAL information. If any party objects to the designation of any document as CONFIDENTIAL, such party shall state the objection by letter to counsel for the entity (whether a party or non-party) making the designation. The parties shall attempt to resolve any disagreement as to the protected nature of the information on an informal basis before seeking relief from the Court. Until an objection to the designation of a document has been resolved by agreement of counsel or by order of the Court, the document shall be treated as CONFIDENTIAL and subject to this Order. Nothing herein shall affect the Responding Entity's obligation to show good cause for the protection of

the information in the event any person files a motion disputing the Responding Entity's designation of discovery material as confidential.

6. Except as the Court may otherwise expressly direct and subject to the further conditions imposed by this Order, material that is CONFIDENTIAL may be disclosed only to the following persons:

a. Counsel for the parties to this action, and paralegal assistants, office clerks, secretaries and other such personnel working under counsel's supervision;

b. Expert witnesses and consultants, litigation consultants, and mock jurors who are not employed by or affiliated with any party, and their associates, assistants, and other personnel employed directly by such persons who agree to be bound by the terms of this Order;

c. Persons identified as deponents and/or trial witnesses by the parties, and persons whom a party reasonably anticipates will be identified as deponents and/or trial witnesses;

d. Employees and former employees of the parties to this action;

e. The Court, court personnel and court reporters; and

f. Such other persons as may be agreed by written stipulation of the Responding Entity and the party seeking to make the disclosure, or by further order of the Court.

7. Prior to giving possession of any CONFIDENTIAL material to any person as provided in paragraph 6(b), 6(c) and 6(d) (but only to the extent of former employees), or 6(f), counsel for the party that receives such material that is CONFIDENTIAL shall first provide the

STIPULATED PROTECTIVE ORDER
4

intended recipient with a copy of this Order, and shall cause him or her to execute the following

written Agreement of Confidentiality, which counsel shall thereafter retain:

<u>Agreement of Confidentiality</u>

I understand that I am being given access to "CONFIDENTIAL" material pursuant to a Protective Order entered in the matter <u>American Casualty Co. of Reading Pennsylvania and Continental Casualty Company v. Salesian Society</u>, Case No. 06 C 0811 (N.D. Cal.). I have read the Protective Order and agree to be found by its terms with respect to the handling, use and disclosure of such CONFIDENTIAL material. Before disseminating any protected information to any clerical or secretarial staff working under my supervision, I will advise them of the restrictions contained in this Protective Order and that said restrictions shall not be circumvented. I further agree and attest to my understanding that, in the event that I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including sanctions by way of contempt of court, imposed by the Court for such failure. In consideration for me being allowed access to said information and documents in connection with this litigation, I further agree to be contractually bound by the terms of this Protective Order.

8.     Upon written request of counsel for a party not later than thirty (30) days following the final conclusion of this action and any related action, copies of all executed Agreement of Confidentiality forms shall be provided to counsel for the other parties within seven (7) days of such request. Persons identified in all other subparagraphs of this Order are not required to execute an Agreement of Confidentiality but shall be advised of the restrictions of this Order and shall be informed by counsel and the party otherwise disseminating the protected information not to circumvent those restrictions or otherwise disclose the protected information.

9.     Notwithstanding any other term or provision of this Order, consulting experts shall not be deposed or otherwise subject to discovery, except as provided by Fed. R. Civ. P. 26(b)(4)(B), whether or not such experts receive CONFIDENTIAL information.

10.     Anything in this Order to the contrary notwithstanding any party may use the services of a photocopying service, printing and binding service, trial graphics service, or computer input service with regard to CONFIDENTIAL material without regard to the provisions of paragraphs 6 or 7 hereof, provided such services are advised of the confidential nature of the documents and agreement to maintain their confidentiality pursuant to the terms of paragraph 8.

11.     If a party inadvertently produces documents or information which that party believes to be CONFIDENTIAL, the party that inadvertently produced the documents or information without designating them as CONFIDENTIAL may re-designate the documents or information.  Disclosure or production of documents or information without appropriate marking or redaction shall not constitute a waiver of the right by any party to seek protection under this Order and compliance with the procedures of this Paragraph shall not prejudice the right of any party to challenge the designation of documents or information as CONFIDENTIAL.

12.     If deposition testimony concerning CONFIDENTIAL material is requested or elicited, counsel for the Responding Entity that produced the material may request that:

       a.  the portions of the testimony, and the transcript thereof, disclosing such material be treated as CONFIDENTIAL and

       b.  the room in which the deposition is being taken shall, at the request of the Responding Entity, be closed except to persons who are permitted access to such documents under the terms of this Order or for questioning pertaining to such material.

13.     Each Responding Entity shall have until ten (10) days after receipt of a deposition transcript to inform the parties, the deponent and other persons attending the deposition that

STIPULATED PROTECTIVE ORDER

certain portions of the transcript are designated CONFIDENTIAL. This designation may also be made on the record at the time of the deposition. During these ten (10) days, no deposition transcript, or contents thereof, shall be disclosed to any person other than those persons set forth in paragraphs 6 and 7, subject to the provisions of paragraphs 6 and 7. Upon being informed that certain portions of a deposition are to be designated as CONFIDENTIAL material, each party shall treat the designated pages of each transcript in its custody as CONFIDENTIAL. Additionally, the cover page of any deposition transcript containing testimony designated as confidential shall be marked: "THIS TRANSCRIPT CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."

14.     If a witness in a deposition is shown CONFIDENTIAL material, the witness shall be admonished that such materials are confidential and may not be further disclosed or disseminated to any third person.

15.     Any Party seeking to file documents containing CONFIDENTIAL material with the Court must move the Court for leave to file such documents under seal.  At the time of filing or any time thereafter, such material shall be placed in a sealed envelope, which shall be marked with the title of the action and shall state the following:  "THIS ENVELOPE CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO PROTECTIVE ORDER."  The Party that files a motion, memorandum or the like under seal shall, within five days of the filing, file a public version of the sealed document without the CONFIDENTIAL material.

16.     Any Party (including any third party not named in this action) that is required to produce materials or information in discovery in this case may make a designation pursuant to this Protective Order.  The producing Party may designate any document or other discovery material as CONFIDENTIAL if that Party in good faith believes that such material is

proprietary, commercially sensitive, or constitutes a trade secret or other confidential information as those terms are defined within Rule 26(c)(7) of the Federal Rules of Civil Procedure.

17.    Any CONFIDENTIAL material designated by any party to be introduced at trial or as part of the record on appeal may be offered into evidence in open court unless the Responding Entity that produced the material or obtained the CONFIDENTIAL designation for material produced by others obtains an appropriate protective order from this Court or the appellate court.  The Responding Entity must be given notice and a sufficient opportunity to seek such a protective order.  However, in the event that either party intends to use CONFIDENTIAL materials for purposes of impeachment or rebuttal, that party shall show such materials to the Responding Entity that produced such material before using that material in open court.

18.    Within sixty (60) days of conclusion of this case in the District Court, all CONFIDENTIAL material and all copies thereof shall, at the request of the party which produced such information, be destroyed, except that counsel shall be entitled to retain all materials which constitute work product and such memoranda and pleadings embodying CONFIDENTIAL information to the extent necessary to preserve a file in this case, so long as such materials are maintained in accordance with the provisions hereof.  All CONFIDENTIAL material disclosed to any person or party pursuant to any provision herein and all deposition transcripts and exhibits and any other materials returned to the parties by the Court shall also, if practicable, be destroyed as set forth above.

19.    The parties may obtain the return of any previously-sealed or previously-restricted documents by a motion filed within sixty (60) days of the conclusion of this case in the District Court.

20.     If a party in possession of CONFIDENTIAL material receives a subpoena or other request seeking production or other disclosure of CONFIDENTIAL material, that party shall immediately give written notice to counsel for the party that initially produced the CONFIDENTIAL material, stating the nature and type of CONFIDENTIAL material that has been sought and the date and time proposed for production or disclosure of the material.  Any party objecting to the production or disclosure shall have the obligation to take action within ten business days in the appropriate court or courts.  In the event that such action is taken (e.g., a motion is filed), no CONFIDENTIAL material that is the subject of said action to prevent disclosure shall be produced or disclosed without written approval by counsel of the objecting party or by further order of the appropriate court(s).

21.     In additional to any other remedies set forth herein, any party violating this Order and thereby causing damage to the interests of the Responding Entity may be liable to the Responding Entity for any appropriate relief allowed in law or equity.

22.     Nothing contained in this Order shall prejudice in any way or waive in any respect the right of any Responding Entity (including non-parties) to assert any privilege as to any documents, whether or not designated as CONFIDENTIAL material pursuant to this Order. Counsel for a Responding Entity may redact or mask documentary material deemed privileged and all documents containing redacted or masked material shall be so identified.

23.     Nothing contained in this Order shall prejudice in any way the right of any party to seek by way of consent of all parties or by motion to the Court:

      a.   Additional protection for specific items of CONFIDENTIAL material; or

      b.   Relief from the provisions of this Order with respect to specific items or categories of CONFIDENTIAL materials.

1  24.  Moreover, if a party does not comply with the terms of this Order, the

2  complaining party may petition the Court for sanctions, or other appropriate relief.

4  Entered this ___1st___ day of _____March_____, 2007



IT IS SO ORDERED

Judge Vaughn R Walker

10  107488v1